**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

DONALD E. LAMERE,
                        Plaintiff,

v.                                         No. 9:05-CV-1125
                                                     (LEK/DRH)
COUNTY OF ONONDAGA et al.,

                        Defendants.

---

**APPEARANCES:**                             **OF COUNSEL:**

DONALD E. LAMERE
Plaintiff Pro Se
1230 Butternut Street
Syracuse, New York 13208

ANTHONY P. RIVIZZIGNO, ESQ.           KAREN A. BLESKOSKI, ESQ.
Onondaga County Attorney                  Deputy County Attorney
Attorney for Defendants
421 Montgomery Street, 10th Floor
Syracuse, New York 13202

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

     A telephone conference was scheduled in the above-captioned case for July 12, 2006 at the request of defendants when plaintiff pro se Donald E. Lamere ("Lamere") failed to respond to various discovery demands. Docket Nos. 11, 12. Lamere failed to notify the Court of a telephone number where he could be reached or to appear for the conference. It further appears that letters sent by defendants to the address provided by Lamere have been returned stamped "Return to Sender-Unclaimed-Unable to Forward." Docket No. 13. It appears from the docket of this case that the Court has received no communication from Lamere since September 9, 2005 when it received Lamere's application for in forma

pauperis status. Docket No. 2.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . ."). In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995). As set forth in defendants' letter, Lamere has completely abandoned this action. Docket No. 11.

Moreover, Lamere's failure to advise the Court and defendants of his new address also indicates that he has abandoned this action. "Litigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Consequently, Lamere's failures of over four months affords additional grounds for dismissal. See Fenza, 177 F.R.D. at 127.

WHEREFORE, it is hereby

**RECOMMENDED** that this action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT ON OR BEFORE AUGUST 1, 2006** (this constitutes an extension of the normal ten day period) **WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 13, 2006
       Albany, New York

                                              *David R. Homer*
                                          United States Magistrate Judge